FILED
at 11 O'clock & 53 min AM
Date 1-13-06

United States Bankruptcy Court
Savannah, Georgia

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | CASE NO. 05-51431-JDW |
| DENICE G. CARELOCK, | ) | |
| | ) | |
| DEBTOR. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

COUNSEL

For Debtor:   Franklin D. Hayes
              Post Office Box 2377
              Douglas, Georgia 31535

For Trustee:  Mary Jane Cardwell
              Post Office Box 756
              Waycross, Georgia 31502-0756

## MEMORANDUM OPINION

This matter comes before the Court on the Chapter 7 Trustee's Objection to Exemptions. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(B). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

Debtor Denice Carelock filed an individual Chapter 7 petition on September 12, 2005. On Schedule B - Personal Property, she listed "Checking Account Southtrust Bank - *Includes Property Damage Settlement ½ Interest*" (emphasis added). She valued her interest in the checking account at $4,350. On Schedule C - Property Claimed as Exempt, she used identical language to describe an exemption. She allocated the exemption in the bank account as follows: (1) $3,500 pursuant to the Georgia motor vehicle exemption, O.C.G.A. § 44-13-100(a)(3), and (2) $1,350 pursuant to the wildcard exemption, O.C.G.A. § 44-13-100(a)(6).

Debtor had received a property damage settlement totaling $7,500, approximately 30 days prior to filing her bankruptcy petition. The settlement resulted from a car accident in which her 2000 Toyota Camry was destroyed. Debtor was not at fault in the accident and suffered no personal injuries. Debtor was compensated solely for the value of her car. Debtor owned the car jointly with her husband, and the settlement check was made out to both of them. Debtor was the primary driver of the Camry.

Debtor deposited the settlement check into her joint checking account. Subsequently, she and her husband also deposited paychecks into the account and paid bills from the account. Debtor planned to use the settlement money to purchase a new car. However, she had not done so because she had not found a suitable car at a price she could pay in full from the settlement proceeds.

The Chapter 7 Trustee filed an objection to Debtor's exemptions on October 11, 2005, on the ground that she is trying to use a motor vehicle exemption to exempt cash in a deposit account. The Court held a hearing on the motion on December 21, 2005, and for the following reasons rules in favor of the Trustee.

## Conclusions of Law

At issue in this case is whether Debtor can use the Georgia motor vehicle exemption to exempt cash proceeds from the prepetition loss of a motor vehicle. The Georgia exemption statute provides as follows "(a) In lieu of the exemption provided in Code Section 44-13-1, any debtor who is a natural person may exempt, pursuant to this article, for purposes of bankruptcy, the following property: ... (3) The debtor's interest, not to exceed the total of $3,500.00 in value, in all motor vehicles[.]" O.C.G.A. § 44-13-100(a)(3) (2002). The statute specifies that the exemption lies in the debtor's interest in a motor vehicle. It does not provide for the exemption to follow proceeds of a motor vehicle. Although the statute effectively punishes debtors who have suffered a prepetition <u>involuntary</u> loss of property that could have been exempt, it is the province of the Georgia General Assembly, not this Court, to provide a remedy in such circumstances.

In Idaho, for example, the exemption statute anticipates the very circumstances

3

present in this case. It provides, " If property, or a part thereof, that could have been claimed as exempt ... has been lost, damaged, or destroyed, and the owner has been indemnified therefore, the individual is entitled to an exemption of proceeds that are traceable for three (3) months after the proceeds are received." Idaho Code § 11-606; see also In re Hoffpauir, 258 B.R. 447, 455 (Bankr. D. Idaho 2001). In fact, the Georgia Code does provide for an exemption in certain proceeds, but automobile insurance payouts are not among them. The statute provides an exemption in:

> (11) The debtor's right to receive, or property that is traceable to:
> (A) An award under a crime victim's reparation law;
> (B) A payment on account of the wrongful death of an individual of whom the debtor was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;
> (C) A payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent on the date of such individual's death, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;
> (D) A payment not to exceed $10,000.00, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; or
> (E) A payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

O.C.G.A. § 44-13-100(a)(11). As one court has noted, "[t]he grouping of these particular exemptions suggests that the common thread among the exemptions is not to protect repayments made to compensate a debtor for a direct pecuniary loss or other damage to property." In re Seymour, 285 B.R. 57, 59 (Bankr. N.D. Ga. 2002) (emphasis added). Rather, they "are all intended to protect a debtor's right to payments that would either

4

replace a loss of the debtor's future source of support or would serve to compensate the debtor for an injury to his person." Id. at 60.

The proceeds that Debtor is seeking to exempt in this case are compensation for the loss of a car and are not protected by the exemption statute either as a motor vehicle or as proceeds of a motor vehicle. Although the law in this case is unduly harsh on Debtor, the Court must apply it as written. For that reason, the Trustee's objection to exemptions will be sustained, and Debtor's exemption in the insurance proceeds will be disallowed to the extent it is claimed under O.C.G.A. § 14-13-100(a)(3).

An Order in accordance with this Opinion will be entered on this date.

Dated this 13th day of January, 2006.

James D. Walker, Jr.
United States Bankruptcy Judge

5